# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) Plaintiff, ) | **CRIMINAL ACTION** |
| ) v. ) | No. 11-10194-01 |
| ) ) | **CIVIL ACTION** |
| ) CHICO C. DAVIS, ) | No. 15-1069-MLB |
| ) Defendant. ) ) | |

### MEMORANDUM AND ORDER

Before the court are the following:

1. Defendant's plea agreement (Doc. 75);
2. Presentence report (Doc. 99);
3. Transcript of guilty plea (Doc. 122);
4. Transcript of sentencing (Doc. 123);
5. Tenth Circuit's Order and Judgment (Doc. 131);
6. Defendant's motion pursuant to 28 U.S.C. § 2255 (Doc. 138);
7. Government's response (Doc. 139); and
8. Defendant's reply (Doc. 143).

The Circuit's Order and Judgment (Doc. 131) accurately sets forth the history of defendant's case. Defendant unsuccessfully pursued a writ of certiorari in the Supreme Court (Doc. 133).

In his motion, and with the obvious assistance of a verbose jail-house lawyer, defendant has attempted to recast in the form of an ineffective assistance claim the very same arguments which were made, unsuccessfully, to the Tenth Circuit and to the Supreme Court. Giving

defendant the benefit of the doubt because of his pro se status, the only claim (Ground Three) which may not have been raised to the Court of Appeals and the Supreme Court is that his sentence somehow is unconstitutional in light of United States v. Alleyne, 133 S. Ct 2151, 186 L.Ed.2d 314 (2013).  Defendant's argument is difficult to follow but it seems to be that Alleyne, as well as his rights under the Fifth and Sixth Amendments, somehow were violated because the indictment did not allege the purity of the methamphetamine and therefore he could not be sentenced to more than the mandatory minimum, five years, on count 13.

Count 13 charged distribution of 50 grams or more of methamphetamine.  At the plea hearing, the court explained the charges and elements, which defendant stated, under oath, that he understood.  He also acknowledged that he was satisfied with his counsel – the same one he now claims was ineffective.

The plea agreement, which defendant likewise said he understood and was factually correct, read:

> Count 13: On June 3, 2011, the defendant entered the previously mentioned store to sell methamphetamine to the undercover agents. This substance was tested by a forensic lab. The defendant now knows that this substance weighed 57.41 grams, with a purity of 93%, and it tested positive for the presence of methamphetamine.

Finally, the court explained that defendant would receive a sentence between 5 and 40 years using the guidelines.  Defendant acknowledged his understanding (Doc. 122).

Defendant received a fair and legal sentence. His lawyer was not ineffective.  The files and records clearly show defendant is entitled to no relief.  No evidentiary hearing is justified.  Defendant's

motion is denied.

The court will not entertain a motion to reconsider.  Should an application for certificate of appealability be sought, it will be denied.

IT IS SO ORDERED.

Dated this   25th   day of June 2015, at Wichita, Kansas.

s/Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE