# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

CHICO DAVIS,

    *Defendant.*

Case No. 11-10194-01-EFM

## MEMORANDUM AND ORDER

In 2012, Defendant Chico Davis entered a guilty plea to eight counts of possession of a firearm by a prohibited person and two counts of distribution of a controlled substance. He was sentenced to 308 months in prison, which was later reduced to 271 months. Proceeding *pro se*, Davis now moves to vacate his sentence pursuant to 28 U.S.C. § 2255. He argues that his sentence should be vacated or reduced in light of the U.S. Supreme Court decision *Johnson v. United States*,[1] which found the "residual clause" of the Armed Career Criminal Act ("ACCA") to be unconstitutionally vague. For the reasons set forth below, the Court denies Davis' motion.

    **I.**    **Factual and Procedural Background**

On September 14, 2011, Davis was indicted on 14 counts of possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(1) and four counts of distribution of a

---

[1] 135 S. Ct. 2551 (2015).

controlled substance in violation of 21 U.S.C. § 841(a)(1). On June 4, 2012, Davis entered guilty pleas to eight counts of possession of a firearm by a prohibited person and two counts of distribution of a controlled substance.

Before sentencing, the U.S. Probation Office prepared a Presentence Investigation Report ("PSR") based on the 2011 U.S. Sentencing Guidelines Manual. For Count Group One (the eight firearms convictions), Davis' base offense level was calculated to be 22 under U.S.S.G. § 2K2.1(a)(3) because the offense involved a semi-automatic firearm that was capable of accepting a large capacity magazine and Davis committed the offense after sustaining a felony conviction for a "crime of violence." The PSR does not state which of Davis' prior convictions qualified as a crime of violence, but based on Davis' criminal history, the only previous conviction that it could possibly be is his 2000 conviction for a violation of 18 U.S.C. § 924(c)—brandishing a firearm during and in relation to a crime of violence. Davis then received a four-point enhancement because he possessed 17 firearms, and he received another four-point enhancement because one of his firearms had an obliterated serial number. Overall, Davis' adjusted offense level was calculated to be 29.[2] For Count Group Two (the two narcotics convictions), Davis' base and adjusted offense levels were calculated to be 32.

Because Count Group Two was the greater of the adjusted offense levels, the adjusted offense level of 32 became controlling for the calculations. After the multiple count adjustment, Davis' combined adjusted offense level was 34. Next, Davis' offense level was reduced by three levels for accepting responsibility for the offense. Accordingly, Davis' total offense level was calculated to be 31.

---

[2] Under U.S.S.G. § 2K2.1, subsection (a) combined with applications contained in (b)(1) through (b)(4), cannot exceed an offense level of 29.

The PSR further determined that Davis had a criminal history score of eight. According to U.S.S.G. Chapter 5, Part A, a criminal history score of eight establishes a criminal history category of IV. Based on a total offense level of 31 and a criminal history category of IV, the guideline imprisonment range is 151 months to 188 months.

Davis was sentenced on September 24, 2012. The Court varied upward and sentenced Davis to a controlling term of 308 months. Davis appealed to the Tenth Circuit, and on October 22, 2013, the Tenth Circuit affirmed Davis' sentence.

On February 25, 2015, Davis' sentence was reduced from 308 months to 271 months under 18 U.S.C. § 3582(c)(2). Less than a month later, Davis filed his first motion to vacate under 28 U.S.C. § 2255, arguing that his trial counsel was ineffective. The District Court denied Davis' motion on June 25, 2015, and the Tenth Circuit denied a certificate of appealability on January 7, 2016.

Davis filed a second motion to vacate under 28 U.S.C. § 2255 on June 20, 2016, on grounds that his sentence violated the Supreme Court's decision in *Johnson*. The Government moved to dismiss this motion on July 27, 2016, arguing that it was a second and successive application for relief and that the district court did not have jurisdiction to resolve the matter without prior approval from the circuit court. Davis then moved to withdraw his motion so he could seek approval from the Tenth Circuit. The Court granted this motion. On February 27, 2017, the Tenth Circuit issued an order allowing Davis to file a second and successive motion challenging his sentence. That same day, Davis filed his current § 2255 motion with the Court.

## II. Analysis

Davis generally argues that the U.S. Supreme Court's decision in *Johnson* invalidates the sentence imposed on him in this case. Reading Davis' argument liberally, the Court assumes

that Davis is arguing that his prior conviction for brandishing a firearm during and in relation to a crime of violence was improperly considered a "crime of violence" and wrongfully used to calculate the base offense level for Count Group One as 22 instead of 20 under U.S.S.G. § 2K2.1. As explained more fully below, the Court rejects Davis' argument.

**A.** *Johnson* **Does Not Invalidate Davis' Sentence.**

In *Johnson*, the Supreme Court held that certain language in the ACCA violated "the Constitution's prohibition of vague criminal laws."[3] To understand the *Johnson* decision and Davis' argument, some background information may be helpful.

Federal law prohibits convicted felons from shipping, possessing, and receiving firearms.[4] In general, the ACCA punishes violation of this ban by a prison sentence of "not more than 10 years."[5] But the ACCA imposes a minimum sentence of fifteen years if the violator has three or more earlier convictions for a "serious drug offense" or a "violent felony."[6] A "violent felony" was defined in the ACCA as follows:

> [A]ny crime punishable by imprisonment for a term exceeding one year . . . that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.[7]

---

[3] *Johnson*, 135 S. Ct. at 2555.

[4] *See* 18 U.S.C. § 922(g).

[5] 18 U.S.C. § 924(a)(2).

[6] 18 U.S.C. § 924(e)(1).

[7] 18 U.S.C. § 924(e)(2)(B) (emphasis added).

The closing words of this definition, italicized above, are known as the "residual clause" of the ACCA.[8]

In *Johnson*, the Supreme Court struck down the language of the residual clause as unconstitutionally vague because "[i]nvoking so shapeless a provision to condemn someone to prison for 15 years to life does not comport with the Constitution's guarantee of due process."[9] The Court found the residual clause unconstitutional under the void-for-vagueness doctrine, which "prohibits the government from imposing sanctions 'under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement.' "[10]

Davis contends that the *Johnson* Court's rationale applies to identical language in the Sentencing Guidelines that was used to calculate his base offense level as 22 instead of 20. Davis' base offense level was calculated under U.S.S.G. § 2K2.1(a)(3). That guideline sets the base offense level at 22 if the offense involves a "semiautomatic firearm that is capable of accepting a large capacity magazine" and "the defendant committed . . . the instant offense subsequent to sustaining one felony conviction . . . of a *crime of violence*."[11] Without the prior conviction of a "crime of violence," Davis' offense level would have been 20 under Guideline 2K2.1(a)(4) because one of the firearms was capable of accepting a large capacity magazine and Davis was prohibited from possessing firearms.[12]

---

[8] *Johnson*, 135 S. Ct. at 2556.

[9] *Id.* at 2560.

[10] *Welch v. United States*, 136 S. Ct. 1257, 1261 (2016) (quoting *Johnson*, 135 S. Ct. at 2556).

[11] U.S.S.G. § 2K2.1(a)(3) (2011) (emphasis added).

[12] U.S.S.G. § 2K2.1(a)(4).

Under application note 1 of § 2K2.1, the term "crime of violence" has the meaning given to it in § 4B1.2(a).[13] This definition was amended in 2016, but prior to that was defined as:

> [A]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> (1) has an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.[14]

The first clause of § 4B1.2(a)(1) is known as the "elements clause." The second clause of § 4B1.2(a)(2) is known as the "enumerated offense clause," and the third clause of § 4B1.2(a)(2), which is italicized, is known as the "residual clause." A quick comparison shows that the residual clause of the Guidelines used precisely the same language as the ACCA's residual clause.[15] Thus, Davis contends that his previous federal conviction for brandishing a firearm during and in relation to a crime of violence is not a "crime of violence" because under the *Johnson* Court's rationale, that clause is unconstitutionally vague.

Davis' argument has no merit. The Supreme Court recently held in *United States v. Beckles*[16] that the Sentencing Guidelines, including the residual clause found in § 4B1.2(a)(2), are not subject to a due process vagueness challenge.[17] In other words, the Court's holding in

---

[13] U.S.S.G. § 2K2.1 app. note 1.

[14] U.S.S.G. § 4B1.2.

[15] U.S.S.G. § 4B1.2. *Compare id.* (". . . or otherwise involves conduct that presents a serious potential risk of physical injury to another.") *with* 18 U.S.C. § 924(e)(2)(B) (". . . or otherwise involves conduct that presents a serious potential risk of physical injury to another.").

[16] -- U.S. --, 137 S. Ct. 886 (2017).

[17] *Id*. at 890.

*Johnson* does not render the residual clause in the Guidelines unconstitutional. Therefore, Davis cannot rely on *Johnson* to argue that his prior conviction was wrongfully considered a crime of violence.

**B.    Davis' Prior Conviction is a Crime of Violence.**

Even if the Supreme Court's ruling in *Johnson* applied to the Guidelines, the Court will not vacate or reduce Davis' sentence because his prior conviction for carrying a firearm in connection with a crime of violence was a "crime of violence" under the elements clause—not the residual clause—of § 4B1.2(a). Thus, the PSR correctly calculated Davis' base offense level to be 22 for Count Group One.

As previously stated, the elements clause of § 4B1.2(a)(1) defines a crime of violence as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—(1) has an element the use, attempted use, or threatened use of physical force against the person of another."[18] Under application note 1 of § 4B1.2, "[a] violation of 18 U.S.C. § 924(c) . . . is a crime of violence . . . if the offense of conviction that established that the underlying offense was a 'crime of violence . . . .' "[19] Davis' prior conviction was for a violation of 18 U.S.C. § 924(c)—brandishing a firearm during and in relation to a crime of violence. According to the PSR, the underlying offense for that violation was a Hobbs Act robbery.

The Hobbs Act defines robbery as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened

---

[18] U.S.S.G. § 4B1.2(a)(1).

[19] U.S.S.G. § 4B1.2 app. note 1.

force, or violence, or fear of injury, immediate or future, to his person or property . . . ."[20] The Government contends that a Hobbs Act robbery qualifies as a "crime of violence" under 18 U.S.C. § 924(c)(3)(A). That statutory provision defines the term "crime of violence" for violations of 18 U.S.C. § 924(c) and is nearly identical to the elements clause of U.S.S.G. § 4B1.2(a).[21] The Tenth Circuit has not determined whether a Hobbs Act robbery is a crime of violence under the elements clause of 18 U.S.C. § 924(c)(3)(A), but a court in this District and other circuits have consistently concluded that it is.[22] The Court concludes the same in this case. A Hobbs Act robbery has as an element "the use, attempted use, or threatened use of physical force."[23] Thus, Davis' prior conviction is a "crime of violence" under the elements clause of § 4B1.2(a)(1) and his base offense level was correctly calculated as 22.

Furthermore, Davis' arguments are essentially irrelevant because the base offense level for Count Group One (his firearms violations) had no effect on his sentence calculation. The adjusted offense level for Count Group One was calculated to be 29, while the adjusted offense level for Count Group Two (his narcotics violations) was calculated to be 32. Because Count Group 2 was the greater of the adjusted offense levels, the adjusted offense level of 32 became controlling for the sentencing calculations. Therefore, even if Davis' base offense level for

---

[20] 18 U.S.C. § 1951(b)(1).

[21] *Compare* 18 U.S.C. § 924(c)(3)(A) ("has an element the use, attempted use, or threatened use of physical force against the person or property of another") *with* U.S.S.G. § 4B1.2(a)(1) ("has an element the use, attempted use, or threatened use of physical force against the person of another").

[22] *United States v. Nguyen*, 2016 WL 4479131, at *3 (D. Kan. 2016); *see also United States v. Hill*, 832 F.3d 135, 140-42 (2d. Cir. 2016) (concluding that a Hobbs Act robbery is a crime of violence under § 924(c)(3)(A)); *United States v. Robinson*, 844 F.3d 137, 141 (3d Cir. 2016) (same); *United States v. House*, 825 F.3d 381, 387 (8th Cir. 2016) (same); *United States v. Howard*, 2016 WL 2961978, at *1 (9th Cir. 2016) (same).

[23] *See United States v. Thomas*, 849 F.3d 906, 909 (10th Cir. 2017) ("Violent force is required to sustain a conviction under the Hobbs Act.")

Count Group One was incorrectly calculated as 22 based on his prior crime of violence—which it was not—this has no effect on his overall sentence calculation. Accordingly, Davis' motion to vacate his sentence is denied.[24]

As a final matter, under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right.[25] To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[26] For the reasons stated above, the Court finds that Davis has not satisfied this standard. The Court therefore denies a certificate of appealability as to its ruling on this motion.

### III. Conclusion

After carefully reviewing the record and the relevant legal authority, the Court concludes that Davis is not entitled to have his sentence reduced or vacated. Davis' prior conviction was properly considered a crime of violence and thus his sentence was properly calculated in the PSR.

**IT IS THEREFORE ORDERED** that Davis' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Prisoner in Federal Custody (Doc. 180) is **DENIED**.

---

[24] The Government also argues that Davis' § 2255 motion is untimely. Having ruled against Davis on the merits, the Court declines to address this procedural argument.

[25] 28 U.S.C. § 2253(c)(2).

[26] *Saiz v. Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)).

**IT IS FURTHER ORDERED** that a Certificate of Appealability Under Rule 11 is **DENIED**.

**IT IS SO ORDERED**.

Dated this 26th day of May, 2016.

                                              ERIC F. MELGREN
                                              UNITED STATES DISTRICT COURT