IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.                                                Case No. 11-10194-EFM

CHICO C. DAVIS,

    *Defendant.*

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Chico C. Davis's Motions for Compassionate Release (Docs. 187, 192). He seeks early release from prison due to underlying serious health conditions and the threat of COVID-19. The government opposes Defendant's motions. For the reasons stated in more detail below, the Court denies Defendant's motions.

**I.    Factual and Procedural Background**

On June 4, 2012, Defendant pleaded guilty to ten counts involving multiple violations of being a felon in possession, in violation of 18 U.S.C. § 922(g), and several counts of distributing a controlled substance, in violation of 21 U.S.C. § 841.[1] On September 25, 2012, Defendant was sentenced to 308 months' imprisonment. On February 25, 2015, Defendant's sentence on the

---

[1] This case was previously before Judge Belot, but it was transferred to the undersigned in 2016.

distribution counts was reduced to 151 months.  Defendant's projected release date is October 23, 2032.

On April 23, 2021, Defendant filed his first motion seeking compassionate release.  In this motion, he moved for release citing multiple health conditions, including chondrosarcoma, osteochondroma/osteosarcoma, obesity, a weak immune system, high blood pressure/hypertension, post-traumatic stress disorder, gastro-esophageal reflux disease, peripheral neuropathy, hyperlipidemia, osteoarthritis, diabetes, and high cholesterol.  He states that some of these conditions heighten his risk of serious complications should he contract COVID-19.  In addition, he states that he has improved himself while in prison.  On July 9, 2021, Defendant filed a second motion seeking compassionate release.  In this motion, he seeks release on the same basis, but he includes additional documents, such as medical evidence and education records.  The government opposes his motions.

## II.     Legal Standard

The First Step Act amended the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), to allow a defendant to file his own motion for release.[2]  It allows defendants to seek early release from prison provided certain conditions are met.  First, a criminal defendant may file a motion for compassionate release only if: (1) "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or (2) 30 days have lapsed "from the receipt of such a request by the warden of the defendant's facility,

---

[2] *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

whichever is earlier."[3]  The Tenth Circuit has indicated that exhaustion is a mandatory claim-processing rule.[4]

If a defendant satisfies the exhaustion requirement, the Tenth Circuit has set forth a three-part test for district courts to use when deciding a defendant's motion.[5]  This test requires the Court to consider whether (1) "extraordinary and compelling reasons" warrant the sentence reduction; (2) "such reduction is consistent with *applicable* policy statements issued by the Sentencing Commission;" and (3) any reduction is consistent with the applicable sentencing factors set forth in 18 U.S.C. § 3553(a).[6]  The Tenth Circuit also recently clarified that "the Sentencing Commission's existing policy statement is applicable only to motions filed by the Director of the BOP, and not to motions filed directly by defendants."[7]  If the Court denies the motion because

---

[3] 18 U.S.C. § 3582(c)(1)(A).

[4] *See United States v. Watson,* 851 F. App'x 136, 137 n.1 (10th Cir. 2021) (noting that the circuit "has not issued a binding decision on whether exhaustion under § 3582(c)(1)(A) is a jurisdictional requirement, but unpublished decisions indicate that exhaustion is a mandatory claim-processing rule.") (collecting cases); *see also United States v. Akers*, 855 F. App'x 465, 466 (10th Cir. 2021) (noting that the circuit had "not decided whether the exhaustion requirement should be treated as jurisdictional or as a claims-processing rule.").

[5] *United States v. McGee*, 992 F.3d 1035, 1042-43 (10th Cir. 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)); *see also United States v. Maumau*, 993 F.3d 821, 832 (10th Cir. 2021) (discussing and employing the same three-part test).

[6] *McGee*, 992 F.3d at 1042-43 (citations and internal quotation marks omitted).

[7] *Maumau*, 993 F.3d at 837 (citations omitted).  This clarification effectively removes one of the requirements for motions filed directly by a defendant.  *See United States v. Hald*, 8 F.4th 932, 947 n.9 (10th Cir. 2021) (noting that the district court cannot err when it does not address the second step—the applicable policy statement—when there is not an applicable policy statement to motions filed by the defendant).

the defendant fails to meet one of the prerequisites, it may do so without addressing all three factors.[8]  If, however, the Court grants the motion, the Court must address all steps.[9]

### III.     Analysis

Defendant seeks early release based on his medical conditions.  The government asserts that Defendant is not an appropriate candidate for early release.

### A.     Exhaustion

The government does not contest that Defendant satisfied the exhaustion requirement described in § 3582(c).

### B.     Extraordinary and Compelling Reasons

Defendant next asserts that his multiple medical conditions constitute an extraordinary and compelling reason warranting a sentence reduction under § 3582(c)(1)(A).  The government states that per Department of Justice ("DOJ") policy and Centers for Disease Control and Prevention ("CDC") guidance, Defendant's medical conditions constitute an extraordinary and compelling reason.  The government contends, however, that when balanced with the § 3553(a) factors, Defendant fails to demonstrate a situation so severe that release is warranted.  Accordingly, Defendant presents an extraordinary and compelling reason, and the Court will move on to consider the § 3553(a) factors.

---

[8] *McGee*, 992 F.3d at 1043 (citation omitted); *see also Hald*, 8 F.4th at 942-43 (explicitly stating that a district court can choose which order to consider the three steps, and "[i]f the most convenient way for the district court to dispose of a motion for compassionate release is to reject it for failure to satisfy one of the steps, we see no benefit in requiring it to make the useless gesture of determining whether one of the other steps is satisfied.")

[9] *McGee*, 992 F.3d at 1043 (citation omitted).

C.     **Section 3553(a) Factors**

The Court must consider whether Defendant's sentence reduction would comply with the sentencing factors enumerated in 18 U.S.C. § 3553(a) "to the extent that they are applicable."[10] Some of these factors include the nature and circumstances of the offense; the need for the sentence imposed to reflect the seriousness of the offense, afford adequate deterrence, and protect the public from future crimes by the defendant; and the need to avoid unwarranted sentence disparities.[11]

In this case, Defendant pleaded guilty to numerous counts of being a felon in possession of a firearm and several counts of distributing controlled substances. In 2010, the Bureau of Alcohol, Tobacco, Firearms and Explosives began conducting an undercover storefront operation in Wichita, Kansas. The purpose was to purchase controlled substances, firearms, and stolen property from individuals. Defendant sold firearms, crack cocaine, powder cocaine, methamphetamine, and MDMA to this operation. He was held responsible for approximately 17 firearms and differing amounts of controlled substances.

At his sentencing, the Court discussed the § 3553 factors. Specifically, Judge Belot noted that Defendant had repeated criminal activity in the current case before him because Defendant sold guns on eight different occasions. In addition, Defendant violated the law multiple times by distributing methamphetamine and cocaine.

With regard to Defendant's criminal history, Judge Belot noted that Defendant had been in trouble, more or less, continually since he was 15. And although many offenses were not major offenses, Defendant continually committed crimes, including some serious prior offenses. Thus,

---

[10] 18 U.S.C. § 3582(c)(1)(A).

[11] 18 U.S.C. § 3553(a).

Defendant's long criminal history was a factor in his sentence.  Furthermore, the Court noted that the sentence imposed would deter him from future criminal conduct and protect the public from criminal conduct.  Ultimately, the Court did not see anything other than a long prison sentence as being consistent with the § 3553 factors.[12]

All these factors remain relevant at the present time.  Defendant committed numerous criminal acts with the crime for which he was sentenced, as evidenced by his plea to 10 counts of being a felon in possession and distribution of controlled substances.  In addition, he has a previous criminal history.  Furthermore, at this point, Defendant has only served approximately 10 years of his sentence and has approximately 11 years remaining. Reducing Defendant's sentence to time served would be a significant reduction and would not reflect the seriousness of Defendant's criminal conduct nor provide adequate deterrence or appropriate punishment.  Even though Defendant has serious health conditions, and the contraction of COVID-19 may make him more susceptible to serious health complications, reducing his sentence does not further sentencing objectives.  The Court remains convinced that Defendant's sentence is an appropriate one.

**IT IS THEREFORE ORDERED** that Defendant's Motions for Compassionate Release (Docs. 187, 192) are **DENIED**.

**IT IS SO ORDERED**.

Dated this 19th day of October, 2021.

*Eric F. Melgren*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[12] The Court notes that Defendant's sentence was reduced by approximately 30 months in 2015 due to a change in the sentencing guidelines.